IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

|  |  |  |
|---|---|---|
| JOYCE M. BUMBREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 3:08:CV333 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED NOV 2 4 2008 CLERK, U.S. DISTRICT COURT RICHMOND, VA.

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on cross-motions for summary judgment.[1] Plaintiff, Joyce M. Bumbrey, seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for Social Security Disability (DIB) and Supplemental Security Income payments (SSI). The Commissioner's final decision is based on a finding by the Administrative Law Judge (ALJ) that Plaintiff was not disabled as defined by the Social Security Act (the Act) and applicable regulations.

For the reasons discussed below, it is the Court's recommendation that Plaintiff's motion for summary judgment (docket entry no. 14) be DENIED; that Defendant's motion for summary

---

[1] The administrative record in this case has been filed under seal, pursuant to Local Civil Rules 5 and 7(C). In accordance with these rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments and will further restrict its discussion of Plaintiff's medical information to the extent necessary to properly analyze the case.

judgment (docket entry no. 16) be GRANTED; and that the final decision of the Commissioner be AFFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff filed for DIB and SSI on February 15, 2005, claiming disability due to diabetes, anemia, hip, knee, shoulder and back pain, swelling of her hands and feet, arthritis and cancer. (R. at 65, 69.) Initially, the Plaintiff alleged that the disability's onset date was January 7, 2003. (R. at 65.) This date was amended to August 1, 2003 to coincide with the last date on which Plaintiff received unemployment compensation. (R. at 318.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 302, 312.) Plaintiff requested a hearing and on July 9, 2007, accompanied by counsel, she testified before the ALJ. (R. at 10, 317-55.) On September 13, 2007, the ALJ denied Plaintiff's application, finding that she was not disabled under the Act because she could perform her past relevant work as a mail clerk. (R. at 21-22.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 4-6.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

## III. STANDARD OF REVIEW

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government–the Disability Determination Services (DDS), a division of the Virginia Department of Rehabilitative Services–under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

In reviewing the Commissioner's decision to deny benefits, the Court is limited to determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; Mastro, 270

F.3d at 177. The analysis is conducted for the Commissioner by the ALJ, and it is that process that a court must examine on appeal to determine whether the correct legal standards were applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" (SGA).[3] 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. Id. If the claimant establishes that she did not engage in SGA, the second step of the analysis requires her to prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also 20 C.F.R. 404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result in death, it constitutes a qualifying impairment and the analysis ends. 20 C.F.R. §§ 416.920(d),

---

[3] SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

404.1520(d). If the impairment does not meet or equal a listed impairment, then the evaluation proceeds to the fourth step in which the ALJ is required to determine whether the claimant can return to her past relevant work[4] based on an assessment of the claimant's residual functional capacity (RFC)[5] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. Id. However, if the claimant cannot perform her past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his burden in the final step with the testimony of a VE. When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

*all* of the claimant's substantiated impairments will the testimony of the VE be "relevant or helpful." Id. If the ALJ finds that the claimant is not capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

## IV. ANALYSIS

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in SGA at any time relevant to the decision. (R. at 16.) At steps two and three, the ALJ found that Plaintiff had the severe impairments of obesity, diabetes mellitus, arthritis of her left knee and lumbosacral spine with an intramedullary rod at the site of an old left femur fracture, and hypertension, but that these impairments, either individually or in combination, did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 16-17.) In so finding, the ALJ determined that Plaintiff had the RFC to perform light work. (R. at 17-18.) At step four, the ALJ found Plaintiff was able to perform her past relevant work as a mail clerk. (R. at 21.) Accordingly, the ALJ concluded that Plaintiff was not disabled, as defined in the Act, at any time from August 1, 2003 through the date of the decision. (R. at 21.)

Plaintiff moves for a finding that she is entitled to benefits as a matter of law. (Pl.'s Mot. for Summ. J. at 1.) In support of her argument, Plaintiff contends that the ALJ erred because his decision: (1) was unsupported by substantial evidence; (2) was arbitrary and capricious; and (3) failed to give appropriate weight to Plaintiff's progressive and extreme obesity as required under Medical Vocational Rule 201.01 and SSR 02-01p. (Pl.'s Br. in Support of Mot. for Summ. J. ("Pl.'s Br.") at 12-13.) Defendant argues that the Commissioner's final decision is supported by substantial evidence and should therefore be affirmed. (Def.'s Mot. for Summ. J. and Brief in

Support Thereof at 1.)

1. **Plaintiff contends that the ALJ's finding of an RFC allowing light work is unsupported by the substantial weight of the evidence.**

Plaintiff argues that the ALJ's finding that Plaintiff has an RFC for non-disabling light work was unsupported by substantial evidence. (Pl.'s Br. at 11.) Specifically, Plaintiff cites eight points which she asserts compose the preponderance of the evidence, including Plaintiff's: (1) morbid obesity; (3) diabetes and associated problems; (4) anemia; (5) testimony regarding her need to elevate her legs and for coworker support in her previous employment; (6) testimony as to her postural limitations; (7) testimony regarding her daily activities; and (8) the VE's testimony that none of the jobs suggested could be performed if Plaintiff was unable to stand for the majority of the day. (Pl.'s Br. at 12.)

After step three of the ALJ's sequential analysis, but before deciding whether a claimant can perform past relevant work at step four, the ALJ must determine the claimant's RFC. 20 C.F.R. §§ 416.920(e)-(f), 416.945(5)(1). The RFC must incorporate impairments supported by the objective medical evidence in the record and those impairments that are based on the claimant's credible complaints. In evaluating a claimant's subjective symptoms, the ALJ must follow a two-step analysis. Craig, 76 F.3d at 594; see also SSR 96-7p; 20 C.F.R. §§ 404.1529(a) and 416.929(a). The first step is to determine whether there is an underlying medically determinable physical or mental impairment or impairments that reasonably could produce the individual's pain or other related symptoms. Id.; SSR 96-7p, at 1-3. The ALJ must consider all the medical evidence in the record. Craig, 76 F.3d at 594-95; SSR 96-7p, at 5, n.3; see also SSR 96-8p, at 13 (specifically stating that the "RFC assessment must be based on *all* of the relevant

7

evidence in the case record") (emphasis added). If the underlying impairment reasonably could be expected to produce the individual's pain, then the second part of the analysis requires the ALJ to evaluate a claimant's statements about the intensity and persistence of the pain and the extent to which it affects the individual's ability to work. Craig, 76 F.3d at 595. The ALJ's evaluation must take into account "all the available evidence," including a credibility finding of the claimant's statements regarding the extent of the symptoms and the ALJ must provide specific reasons for the weight given to the individual's statements. Craig, 76 F.3d 595-96; SSR 96-7p, at 5-6, 11.

This Court must give great deference to the ALJ's credibility determinations. See Eldeco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997). The Court of Appeals for the Fourth Circuit has determined that "[w]hen factual findings rest upon credibility determinations, they should be accepted by the reviewing court absent 'exceptional circumstances.'" Id. (quoting NLRB v. Air Prods. & Chems., Inc., 717 F.2d 141, 145 (4th Cir. 1983)). Therefore, this Court must accept the ALJ's factual findings and credibility determinations unless "'a credibility determination is unreasonable, contradicts other findings of fact, or is based on an inadequate reason or no reason at all.'" Id. (quoting NLRB v. McCullough Envtl. Servs., Inc., 5 F.3d 923, 928 (5th Cir. 1993)).

Furthermore, it is well established that a claimant's subjective allegations of pain are not conclusive evidence that the claimant is disabled. See Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). The Fourth Circuit has determined that "subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." Craig, 76 F.3d at 591.

8

Here, the ALJ determined that while Plaintiff's "impairments could reasonably be expected to produce some of the alleged symptoms . . . her statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not entirely credible." (R. at 19.) The ALJ thus determined her RFC to include "light work entailing occasional climbing, balancing, stooping, kneeling, crouching and crawling." (R. at 21.) Based on this RFC determination, the ALJ found that Plaintiff was able to perform her past relevant work as a mail clerk, thereby concluding his analysis and finding that Plaintiff was not disabled. (R. at 21.)

The record supports the ALJ's conclusion that Plaintiff is able to return to her past relevant work as a mail clerk. The ALJ considered all of the evidence, and came to the conclusion that Plaintiff's testimony regarding the severity and intensity of her pain was less than credible. (R. at 19.) The ALJ conducted the proper <u>Craig</u> analysis in making that decision and based his determination on all of the medical evidence in the record. Particularly, the ALJ found that although Plaintiff claimed she could only walk a half mile without resting, and uses a cane three or four times a month, the ALJ found that the medical record did not document any impairment of Plaintiff's gait or the prescription of an assistive device to walk or stand. (R. at 19-20.) Plaintiff also complained of arthritic pain and weakness in her hand, but the ALJ recognized that the medical records did not corroborate this with any treatment of Plaintiff's wrist, with the exception of an injection of medication in her wrist in January of 2003, a date before Plaintiff's alleged onset of disability. (R. at 20.) Instead, the ALJ noted that Plaintiff's complaints were addressed with medications and diet and exercise recommendations. (R. at 20.) Plaintiff's descriptions of her daily activities, which included light household chores, attending church, playing cards, preparing basic meals, and taking care of her personal hygiene, also

9

diminished her credibility regarding her description of the severity of her impairments. (R. at 20.) Finally, the ALJ found that the fact that Plaintiff's alleged onset date was the date her unemployment benefits ended, "and was not because of any medically corroborated worsening of her impairments," also served to diminish Plaintiff's credibility. (R. at 20.) The ALJ examined and gave the independent medical examiner's opinion great weight, as it was supported by the weight of the evidence. (R. at 21.) The analysis supported the ALJ's determination that Plaintiff was able to perform light work. Accordingly, the Court recommends a finding that there is substantial evidence to support the ALJ's conclusion that Plaintiff was able to return to her past relevant work, and therefore, was not disabled.

2. **Plaintiff contends that the ALJ's decision was arbitrary and capricious.**

Plaintiff argues that the ALJ's decision was arbitrary and capricious, as subsequent to the filing of this current appeal, the SSA issued a decision on June 18, 2008 that found Plaintiff disabled as of January 1, 2008. (Pl.'s Br. at 11.) Plaintiff notes that the decision was based on Plaintiff's reapplication, and was based in part on a May 29, 2008 consultive evaluation which found Plaintiff unable to stand and walk more than two hours total in an eight hour day. (Pl.'s Br. at 11.) Plaintiff also accurately notes that the subsequent decision limits this appeal to the period of August 1, 2003 until December 31, 2007. (Pl.'s Br. at 11.) Plaintiff finally contends that because of this subsequent finding, this appeal must be reversed and remanded for further proceedings. (Pl.'s Br. at 11.) However, the evidence cited by Plaintiff is neither before this Court, nor relevant to this case.

In order for the Court to remand the case on the basis of new evidence, Plaintiff must demonstrate not only good cause for the evidence not being presented earlier, but also that the

new evidence is material. See Wilkins v. Sec'y of Health & Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991). In order to demonstrate that the new evidence is material, Plaintiff would have to establish that "there is a reasonable possibility that the new evidence would have changed the outcome." See id. Here, the new evidence is not material. Since the subject evaluation was completed approximately six months after the end of the period at issue in this appeal, it could not be material where it could not change the outcome of the ALJ's decision.

3. **Plaintiff contends that the ALJ's decision was in violation of Medical-Vocational Rule 201.01 and Social Security Ruling (SSR) 02-01p.**

Plaintiff argues finally that under Medical-Vocational Guideline 201.01, she should have been found disabled due to her advancing age, limited education, "light-to-medium unskilled-to-skilled work," and her RFC for sedentary work. (Pl.'s Br. at 10.) Initially, this Court notes, as previously stated, that the ALJ correctly determined that Plaintiff's RFC allowed light work, and as such, Plaintiff was able to return to her past relevant work as a mail clerk. The Medical-Vocational Guidelines only apply to cases in which an impairment prevents an individual from performing past relevant work. See 20 C.F.R. pt. 404, subpt. P, app. 2. In fact, the introduction to these rules in the Code of Federal Regulations states, "[t]he following rules reflect the major functional and vocational patterns which are encountered in cases . . . where an individual with a severe medically determinable physical or mental impairment(s) is not engaging in substantial gainful activity and the individual's impairment(s) prevents the performance of his or her vocationally relevant past work." Id. Since Plaintiff was able to return to her past relevant work as a mail clerk, the regulations in question do not apply.

Plaintiff also argues that the ALJ failed to give appropriate consideration to the

circumstances of Plaintiff's obesity. (Pl.'s Br. at 12.) Specifically, Plaintiff contends that pursuant to SSR 02-1p, obesity can be a medically determinable impairment, and in combination with other conditions, can be considered disabling. (Pl.'s Br. at 13.) Additionally, Plaintiff notes that the ruling requires the ALJ to examine the limitations resulting from obesity, as well as the factors related to obesity in determining a RFC. (Pl.'s Br. at 13.) However, the ALJ's decision here was in accordance with SSR 02-1p. The ALJ noted that obesity was a severe impairment of Plaintiff, but that under SSR 02-1p, even in combination with her other impairments, her obesity did "not fall within the criteria of a listed impairment." (R. at 17.) The ALJ specifically noted that even given Plaintiff's obesity and alleged joint pain, she was still able to "ambulate effectively", and she did not have any signs of heart failure or heart disease arising from her obesity and hypertension. (R. at 17.) Furthermore, while Plaintiff suffers from obesity and diabetes, the ALJ noted that there was no evidence in the record of diabetic neuropathy, acidosis or retinitis proliferans, conditions that could be disabling. (R. at 17.) The ALJ also thoroughly discussed Plaintiff's obesity and related impairments when determining Plaintiff's RFC. (R. at 18-21.) Notably, the ALJ recognized that Plaintiff was diagnosed as obese, opining that, in fact, Plaintiff was "morbidly" obese. (R. at 20.) The ALJ also recognized the increasing nature of her obesity, as her weight had increased from two-hundred and seventy two pounds in 2003, to three hundred and fifty pounds as of the date of the hearing. (R. at 20.) In noting Plaintiff's obesity and other related impairments, the ALJ considered all of Plaintiff's impairments in determining Plaintiff's RFC. (R. at 20.) The ALJ stated "[t]he above-described medical evidence confirms that Ms. Bumbrey is morbidly obese and has hypertension, diabetes mellitus, arthritis of her left knee and lumbosacral spine, and an intramedullary rod at the site of an old left femur fracture. . .

. Treatment notes do not reflect impairment of the claimant's gait or neurological function despite her obesity and musculoskeletal impairments." (R. at 20.) Accordingly, the ALJ's decision comports with SSR 02-1p.

## V. CONCLUSION

Based on the foregoing analysis, this Court RECOMMENDS that Plaintiff's Motion for Summary Judgment (docket entry no. 14) be DENIED; that Defendant's Motion for Summary Judgment (docket entry no. 16) be GRANTED; and, that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable Richard L. Williams and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within ten (10) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

/s/
Dennis W. Dohnal
United States Magistrate Judge

Date: NOV 2 4 2008
Richmond, Virginia